# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SITE RITE CONSTRUCTION CO., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2011-KHV |
| ) | |
| CITY OF LANSING, KANSAS, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiff's Motion For Temporary Restraining Order, Preliminary Injunction, And For Immediate Hearing On Preliminary Injunction And Memorandum In Support</u> (Doc. #3) filed January 7, 2019. On January 15, 2019, the Court heard oral argument on plaintiff's motion for a temporary restraining order and preliminary injunction. For reasons stated below, the Court sustains plaintiff's motion in part.[1]

**I.    Preliminary Injunction Standards**

The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." <u>Tri-State Generation & Transmission Assn., Inc. v. Shoshone River Power, Inc.</u>, 805 F.2d 351, 355 (10th Cir. 1986). A preliminary injunction is a drastic and extraordinary remedy, and courts do not grant it as a matter of right. <u>Paul's Beauty Coll. v. United States</u>,

---

[1] In addition to the relief granted herein, plaintiff requests that the Court enjoin defendant from (1) attempting to enforce its bifurcated award of the Golf Course Relief Sewer portion of the project to plaintiff; and (2) making a claim against plaintiff's bid bond and surety until the Court may conduct a hearing on plaintiff's motion for a preliminary and permanent injunction. Based on the parties' stipulations at the hearing, these requests are moot.

885 F.Supp. 1468, 1471 (D.Kan. 1995); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2948, at 128-29 & nn. 3, 6-7 (1995). To obtain a preliminary injunction, plaintiff must establish (1) a substantial likelihood that it will eventually prevail on the merits; (2) irreparable injury unless the preliminary injunction issues; (3) that the threatened injury outweighs whatever damage the proposed preliminary injunction may cause defendants; and (4) that the preliminary injunction, if issued, will not be adverse to the public interest. Tri-State, 805 F.2d at 355.

After hearing oral argument and review of plaintiff's verified complaint and motion for temporary restraining order and preliminary injunction, and upon determining that plaintiff's counsel has delivered a copy of the pleadings to counsel for the City of Lansing and that defense counsel received notice of the time and place of this application, the Court finds that the temporary restraining order and preliminary injunction sought are reasonable. Further, it appears that a temporary restraining order and preliminary injunction are necessary to immediately and sufficiently protect any due process rights which the United States Constitution and the Fourteenth Amendment may afford to plaintiff, and that immediate relief is necessary to ensure that the status quo can be maintained pending final judgment in this case.

**II.     Findings**

Specifically, the Court finds as follows:

1.     A temporary restraining order and preliminary injunction are appropriate because plaintiff has shown a substantial likelihood of success on the merits of its argument.

2.     Unless the City is restrained, plaintiff will suffer immediate and irreparable harm, as plaintiff will otherwise be deprived of its fundamental rights.

3. The harm to plaintiff if a temporary restraining order and preliminary injunction are not granted outweighs harm to the City if they are granted. Without such relief, the City could enter into a contract with Linaweaver Construction Company, Inc. for the Northwest Relief Sewer portion of the project, rendering any subsequent determination by the Court ineffectual, and potentially permanently damage plaintiff's relationship with its surety through reliance on the bid bond. Further, the City will incur no measurable harm if it is temporarily prevented from contracting for performance of the work until the Court hears the merits of this case (which it intends to do on an expedited schedule).

4. The interests of the public will not be disserved by this Order.

5. Plaintiff has no other adequate remedy at law to protect the constitutional rights it alleges were infringed upon by the City's discriminatory award of and imminently impending contracting for and performance of the project work.

## III. Conclusion

Based on the foregoing, the Court concludes that pending final judgment in this case, plaintiff is entitled to a temporary restraining order and preliminary injunction which prevents the City of Lansing, Kansas from (1) awarding the project to any party other than plaintiff; and (2) executing a written agreement, issuing a notice to proceed or otherwise directing the performance of any work related to its bifurcated award of the Northwest Relief Sewer portion of the project to Linaweaver.

## IV. Bond

Plaintiff has filed its bond with a corporate surety in the sum of $30,000. The Court directs the parties to consult as to whether the bond amount is sufficient. Within 24 hours of entry of this Order, defendant shall file any motion to review the amount of plaintiff's surety bond.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Temporary Restraining Order, Preliminary Injunction, And For Immediate Hearing On Preliminary Injunction And Memorandum In Support (Doc. #3) filed January 7, 2019 is **SUSTAINED** in part.

**IT IS FURTHER ORDERED** that the City of Lansing, Kansas is enjoined from (1) awarding the project to any party other than Site Rite Construction Co.; and (2) executing a written agreement, issuing a notice to proceed or otherwise directing the performance of any work related to its bifurcated award of the Northwest Relief Sewer portion of the project to Linaweaver Construction Company, Inc. Pending further order of the Court, this Order shall remain effective until the conclusion of this case.

**IT IS FURTHER ORDERED** that the magistrate judge immediately initiate expedited proceedings for discovery and trial.

Dated this 16th day of January, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge